**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TROY HOPKINS,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

Defendant-Appellee.

No. 15-56273

D.C. No. 5:14-cv-00657-DFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Douglas F. McCormick, Magistrate Judge, Presiding

Submitted September 26, 2017[**]

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Troy Hopkins appeals pro se the district court's decision affirming the

Commissioner of Social Security's denial of Hopkins's application for

supplemental security income under Title XVI of the Social Security Act. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

We construe Hopkins's pro se pleadings liberally and address his contentions that the administrative law judge ("ALJ") improperly discounted Hopkins's testimony about the severity of his symptoms and, as a result, erred in concluding that Hopkins was not disabled. *See Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc) (""[W]e have an obligation where the petitioner is pro se . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.").

The ALJ identified two specific, clear and convincing reasons in support of the determination that Hopkins's symptom testimony was not credible. First, the ALJ properly found that Hopkins's request for assistance with feigning psychiatric symptoms detracted from his credibility as a reporter of his symptoms and limitations. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (*"*To determine whether the claimant's testimony regarding the severity of her symptoms is credible, the ALJ may consider . . . ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid."). Second, although a lack of supporting medical

2

evidence cannot provide the sole basis for discounting a claimant's symptom testimony, the ALJ permissibly considered the absence of record medical evidence supporting symptoms and limitations as severe as those reported by Hopkins. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). As a result, the ALJ's findings support the conclusion that Hopkins was not credible with regard to his limitations and pain. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Moreover, substantial evidence supports the ALJ's formulation of an RFC that took into account those limitations for which there was record support that did not depend on Hopkins's subjective complaints. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Because the functional limitations identified by the ALJ in the RFC for medium work with limitations was supported by the record evidence, the ALJ's Step Five determination that Hopkins could perform work that exists in significant numbers in the national economy is supported by substantial evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir. 1989).

**AFFIRMED.**